UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bankr. No. 11-40314 |
| | ) | Chapter 13 |
| RONALD ALLEN KERHER | ) | |
| aka Ron Kerher | ) | DECISION RE:  CERTAIN |
| SSN/ITIN xxx-xx-8694 | ) | OBJECTION TO DEBTOR'S |
| | ) | REQUEST FOR DISCHARGE |
| Debtor. | ) | |

The matter before the Court is Karen K. Muenster's objection to Debtor's Certification and Request for Discharge. This is a core proceeding under 28 U.S.C. § 157(b)(2). The Court enters these findings and conclusions pursuant to Fed.Rs.Bankr.P. 7052 and 9014(c). For the reasons discussed below, the Court will overrule Karen K. Muenster's objection and enter Debtor's chapter 13 discharge order.[1]

I.

Debtor Ronald Allen Kerher filed a chapter 13 petition on April 28, 2011 (doc. 1). He included on his schedule of liabilities and on his mailing list of creditors Karen Meunster [sic] at a certain street address in Vermillion, South Dakota (docs. 1 and 7).[2] The Bankruptcy Clerk used this address to serve Karen Muenster with the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines (docs. 6 and 7). This notice contained the deadline for creditors to file a proof of

---

[1] Material facts are not in dispute. Consequently, an evidentiary hearing on the matter is not necessary.

[2] To protect Karen Muenster's personal information, the Court will not state her specific street address.

claim, the deadline for creditors and other parties in interest to object to Debtor's proposed plan, and the deadline for creditors to object to the dischargeability of a particular claim. Debtor served Karen Muenster with a copy of his proposed plan using the same address in Vermillion (doc. 9). Karen Muenster did not file a proof of claim, object to Debtor's proposed plan, or object to the dischargeability of her claim against Debtor.

A confirmation hearing on Debtor's proposed plan was held August 11, 2011 (doc. 26). To resolve objections filed by other parties, the Court ordered Debtor to make certain changes to his plan. These changes were reflected in a Plan as Confirmed (doc. 30), which was filed with the Order Confirming Plan on August 24, 2011 (doc. 29). Under the Plan as Confirmed, Debtor was obligated to make monthly payments to the chapter 13 trustee for 60 months and then the trustee would distribute Debtor's payments to creditors, including unsecured claim holders who timely filed a proof of claim. The Plan as Confirmed further provided:

> Any unsecured creditor who receives appropriate notice of the case but fails to timely file a proof of claim will not receive any distribution under this plan, and their claim will be discharged to the extent set forth in 11 U.S.C. §1328(a) when Debtor completes all plan payments.

On August 5, 2016, the trustee filed a notice stating Debtor had completed his required plan payments (doc. 50). Debtor then filed his Certification and Request for Discharge (doc. 52). The Bankruptcy Clerk served a notice regarding Debtor's Certification and Request for Discharge on all creditors and other parties in interest, including Karen Muenster [her last name still contained a typographical error] (docs.

53 and 54). The address used by the Bankruptcy Clerk to serve Karen Muenster with this notice was the same Vermillion address used earlier in the case to serve her with the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines. The notice regarding Debtor's Certification and Request for Discharge included a deadline for filing an objection to Debtor's request for a discharge.

Karen Muenster timely filed an objection to Debtor's request for a discharge (doc. 55). She stated Debtor had failed to make any payments to her or comply with Bankr. D.S.D. R. 3072-1B(b).[3] The return address on her handwritten objection was the same Vermillion address used by the Bankruptcy Clerk to serve both the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines and the notice regarding Debtor's Certification and Request for Discharge and the same Vermillion address used by Debtor to serve his proposed plan. The Bankruptcy Clerk's docket does not indicate any mail sent to Karen Muenster has been undeliverable.

Debtor filed a response to Karen Muenster's objection (doc. 57). Debtor reviewed the applicable law, recited the material facts of the case, and argued Karen Muenster's objection should be overruled and Debtor should receive his discharge.

II.

Pursuant to 11 U.S.C. § 1327(a), a chapter 13 plan, once confirmed by the

---

[3]This local bankruptcy rule sets forth the procedure for the trustee, the debtor, and the Bankruptcy Clerk to follow when a chapter 13 debtor completes all plan payments and becomes eligible to receive a discharge order. It appears all three– Trustee Dale A. Wein, Debtor, and Bankruptcy Clerk Frederick M. Entwistle– have, to date, complied with the rule.

Court, is binding on a creditor if the plan provides treatment for the creditor's claim and the creditor had notice of the plan and its proposed confirmation. *Impac Funding Corp. v. Simpson* (*In re Simpson*), 240 B.R. 559, 561-62 (B.A.P. 8th Cir. 1999). When the debtor completes all the payments set forth in the confirmed plan and files the required information regarding domestic support obligations, the Court must grant the debtor a discharge of debts. 11 U.S.C. § 1328(a).

When the discharge order is entered, it discharges the debtor from all debts "provided for" by the plan, with limited exceptions for particular types of debts that are not discharged, such as a criminal fine. *Id*. A debt is "provided for" by a plan when the plan acknowledges the debt. *United States v. Hairopoulos* (*In re Hairopoulos*), 118 F.3d 1240, 1243-44 (8th Cir. 1997). The plan does not need to specifically name each unsecured claim holder, but may generally provide for claims of this type. *See In re Fiore*, 290 B.R. 138, 140 (Bankr. E.D. Mo. 2003).

III.

In this case, the record shows Debtor's Plan as Confirmed provided for Karen Muenster's unsecured claim. It said a creditor holding an unsecured claim would receive a distribution from the case trustee if the creditor timely filed a proof of claim. Debtor's Plan as Confirmed also provided that if a creditor holding an unsecured claim received appropriate notice of the case but did not timely file a proof of claim, that creditor's claim would be discharged, just like claims held by creditors who did timely file a proof of claim and who did receive a distribution of payments from the trustee.

The record shows Karen Muenster was served with all the required notices in this case, including the notice of the deadline to file a proof of claim and the notice of the deadline to object to the plan.  Karen Muenster did not timely file a proof of claim or object to Debtor's proposed plan.  The plan, when confirmed, bound both Debtor and Karen Muenster to its terms.  Consequently, the case trustee could not include Karen Muenster among the unsecured claim holders who received plan payments.  Further, under the terms of Debtor's Plan as Confirmed, since Karen Muenster was given notice of the opportunity to file a proof of claim but did not do so, her claim against Debtor will be discharged.

An order will be entered overruling Karen Muenster's objection to Debtor's request for a discharge.

Dated:  October 14, 2016.

BY THE COURT:

Charles L. Nail, Jr.
Bankruptcy Judge

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota